# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 05-10120

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 11, 2007**

Charles R. Fulbruge III
Clerk

DONNA SUE MCDANIEL, also known as
Donna Cooksey, also known as Donna Sue Hanson

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
4:95-CR-148-3-C

Before GARWOOD, JOLLY, and STEWART, Circuit Judges.

PER CURIAM:[*]

In June 1996, Donna Sue McDaniel pled guilty to possession with intent to distribute methamphetamine. McDaniel's plea spared her prosecution on other, related drug charges but resulted in the imposition of a 360-month term of imprisonment and a five-year term of supervised release. McDaniel appealed through her counsel. While this appeal was pending, McDaniel filed a pro se

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"Motion to Withdraw Plea of Guilty [and] Motion to Object to Sentence Imposed" in which she argued that she had received ineffective assistance of counsel. The district court recharacterized McDaniel's motion as a 28 U.S.C. § 2255 motion and denied it in December 1996. The denial of this motion was not appealed. McDaniel's direct appeal was rejected by this Court in June 1997. The Supreme Court rejected McDaniel's petition for writ of certiorari on November 17, 1997.

McDaniel filed a petition under § 2255 on November 16, 1998. The district court denied McDaniel's petition as successive based on the 1996 motion referred to above. This Court then denied two motions for authorization to file a successive petition. In 2004, McDaniel filed the instant § 2255 petition that is the subject of this appeal. The district court denied this petition as successive. McDaniel requested and was granted a certificate of appealability authorizing her to appeal from the district court's denial of her petition.

In this appeal, McDaniel argues that the district court erred in its recharacterization of her initial 1996 motion as a § 2255 petition, citing Castro v. United States, 540 U.S. 375 (2003). Castro requires a district court recharacterizing a pro se motion as a § 2255 petition to "notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or amend it so that it contains all the § 2255 claims he believes he has." Id. at 383. Failure by the district court to comply with these limitations precludes it from treating the motion before it as a § 2255 petition for purposes of applying the "second or successive" petition restrictions. Id.

The government concedes that, with respect to the 1996 motion, McDaniel did not receive the protection owed her under Castro. Accordingly, McDaniel's 1996 motion was not properly construed as a § 2255 petition and her 1998 and

2004 petitions should not have been dismissed as successive.  Since the dismissal of the 1998 petition was for an improper reason, it cannot be used to characterize the 2004 petition that is on appeal as successive.  The district court's denial of McDaniel's § 2255 petition is VACATED and the case is REMANDED for reconsideration of McDaniel's 2004 petition consistent with this opinion.

VACATED AND REMANDED.