# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40417

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER CISNEROS, also known as El Negro,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:17-CV-36
USDC No. 1:94-CR-181-13

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Javier Cisneros, former federal prisoner # 65822-079, moves for a certificate of appealability (COA) to appeal from the dismissal of his 28 U.S.C. § 2255 petition challenging his federal conviction of three counts of possession with the intent to distribute marijuana, one count of conspiracy to possess with the intent to distribute marijuana, and one count of money laundering. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the district court erred by dismissing his § 2255 petition for lack of jurisdiction as an unauthorized successive petition.

In 1996, Cisneros filed a post-conviction motion, which was recharacterized by the district court as a § 2255 motion. Because Cisneros was not notified of the district court's intent to treat his motion as a § 2255 motion and was not afforded the opportunity to withdraw the motion or to amend it to include all of his § 2255 claims, it cannot count as an initial § 2255 motion and cannot be used to bar a second or successive § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003).

In 1998, Cisneros filed a § 2255 motion, which the district court denied without addressing the merits of his claims. Cisneros subsequently filed a motion for reconsideration of that order, arguing that the district court had not considered the merits of his § 2255 motion. The district court denied the motion. Cisneros then sought a COA. In an order issued prior to the Supreme Court's decision in *Castro,* a COA was denied on the grounds that Cisneros's 1998 § 2255 motion was an unauthorized, successive motion. Because his first postconviction motion does not count as an initial § 2255 motion, *see Castro*, 540 U.S. at 383, his 1998 motion should not have been treated as successive, *cf. McDaniel v. United States*, 242 F. App'x 217, 218 (5th Cir. 2007). As such, his February 2017 motion also should not have been treated as successive.

Consequently, Cisneros has shown that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). We therefore GRANT both the motion for a COA and the motion for leave to proceed in forma pauperis, VACATE the district court's judgment, and REMAND to the district

No. 17-40417

court for further proceedings. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998); FED. R. APP. P. 24.